| |
|---|
| **Leighton v Greess** |
| 2024 NY Slip Op 32537(U) |
| July 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153817/2024 |
| Judge: Suzanne J. Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | **HON. SUZANNE J. ADAMS** | PART | 39M |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------X

TAYLOR LEIGHTON

                Plaintiff,

     - v -

NATHAN GREESS,

                Defendant.

-----------------------------------------------------------------X

| INDEX NO. | 153817/2024 |
|---|---|
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79

were read on this motion to/for            PREL INJUNCTION/TEMP REST ORDR    .

Upon the foregoing documents, and oral argument before the court on June 24, 2024, it is ordered that plaintiff's motion by order to show cause is granted in part, as discussed hereinbelow. This is an action stating claims for replevin, conversion, and declaratory relief with respect to ownership of a pet dog, as well as other claims arising out of intentional and negligent torts. According to the complaint in this action, filed in April 2024, the parties herein began a romantic relationship in or about February 2020, and began living together in a shared apartment at 561 Tenth Avenue in Manhattan in July 2020. Plaintiff alleges that he researched, selected, and thereafter purchased a miniature poodle puppy in December 2020, which he named Raven. Plaintiff further alleges that defendant did not contribute any funds toward Raven's purchase and agreed that plaintiff was Raven's legal owner, and that he, plaintiff, was Raven's primary caretaker. On March 10, 2024, the parties ended their romantic relationship and plaintiff maintains that defendant left their shared apartment, taking Raven without plaintiff's consent, and moved

**153817/2024 LEIGHTON, TAYLOR vs. GREESS, NATHAN**
**Motion No. 001**

Page 1 of 4

with Raven to his father's apartment at 560 West 43rd Street in Manhattan. Plaintiff now moves by order to show cause pursuant to CPLR 6301, 6311 and 6312, for a preliminary injunction ordering Raven's return to plaintiff; pursuant to CPLR 7102, for an order directing the sheriff/marshal to seize Raven from defendant; or alternatively for a preliminary injunction ordering the parties' joint custody of Raven pending a final determination of this action; and pursuant to CPLR 7109 for a preliminary injunction enjoining and restraining defendant, his agents, servants, and employees, pending the hearing and during the pendency of this action and until final judgment herein, from removing from New York County, transferring, selling, pledging, assigning, or otherwise disposing of Raven, until the further order of this court. Defendant opposes the motion, disputing plaintiff's portrayal of the parties' respective financial and care-giving roles regarding Raven, and maintains that he, defendant, was Raven's primary caretaker and paid for the majority of Raven's care.

The gravamen of this action is the question of which party is entitled to possession of the pet dog, Raven. Although the instant motion by order to show cause seeks preliminary injunctive relief based upon the considerations of a traditional replevin action, recent case law (acknowledged by both parties) has held that where consideration of parties' ownership of a companion animal is concerned, treating a pet as mere property is no longer appropriate. *See, e.g., Travis v. Murray*, 42 Misc. 3d 447, 456 (Sup. Ct. N.Y. County 2013) ("After reviewing the progression of the law in both New York and other states, it can be concluded that . . . a strict property analysis [to determine pet ownership between divorcing spouses] is neither desirable nor appropriate."). Subsequent to *Travis*, the New York State legislature in 2021 enacted DRL § 236(B)(5)(d)(15), which provides guidance in determining pet custody cases, requiring courts to consider the "best interest" of a companion animal. As such, that is the analysis that must obtain in this matter, precluding any

**153817/2024 LEIGHTON, TAYLOR vs. GREESS, NATHAN**
**Motion No. 001**

Page 2 of 4

[* 2]

injunctive relief that would treat Raven as mere chattel. Because the evidence before the court to date contains significant factual questions as to what constitutes Raven's "best interest," this matter must proceed to discovery in the normal course of litigation. Further, while the litigation continues, the court sees fit to establish a shared custody arrangement between the parties. Although the court in *Travis* opined that shared custody of a pet would not be ideal, this court is not bound by this opinion. Moreover, if courts are to consider pets' situation more like that of children rather than, for example, houses or cars, a shared custody arrangement would not be inappropriate if it is in keeping with the pet's "best interest." In any event, the shared custody arrangement at this point in time is temporary, pending the resolution of this action.

Accordingly, it is hereby

ORDERED that plaintiff's motion by order to show cause is granted only to the extent that pending the determination of this action, the parties are granted joint custody of Raven on the terms as set forth below, and is otherwise denied; and it is further

ORDERED that on Monday, July 29, 2024, at 7:00 a.m., defendant shall pass custody of Raven to plaintiff inside the N.Y.P.D. Midtown South Precinct located at 357 West 35th Street, New York, N.Y., and two weeks later, on August 12, 2024, at 7:00 a.m., plaintiff shall pass custody of Raven to defendant inside the Midtown South Precinct, and the parties shall continue to alternate the passing of Raven to the other party every two weeks thereafter, on alternate Mondays at 7:00 a.m. at said N.Y.P.D. precinct, until further order of this court; and it is further

**153817/2024   LEIGHTON, TAYLOR vs. GREESS, NATHAN**
**Motion No.  001**

**Page 3 of 4**

3 of 4

ORDERED that within 30 days of the date of this order, the parties shall submit to the Part Clerk of Part 39 an agreed upon Preliminary Conference Order for the judge's review and signature, as per the Part Rules.

This constitutes the decision and order of the court.

| 7/22/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | SUZANNE J. ADAMS, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153817/2024  LEIGHTON, TAYLOR vs. GREESS, NATHAN**
Motion No.  001

Page 4 of 4

4 of 4